## LEWIS VANDERGRIFT v. ROBERT HAUGHEY'S ADMINISTRATOR, viz., F. H.

Court of Common Pleas.   New Castle.   May, 1798.

*Rodney's Notes.**

*Bayard.* Debts returned by administrator 9309, amount of sales £6291 for nineteen tracts land.  First, the judgment not legally obtained agreeably to law, to bind lands or sell them against administrators or executors.   1793, 1 Del.Laws 66, no judgment to bind or affect the lands, unless the provisions of the Act are complied [with].   This judgment for £95 only, obtained subsequent to many of larger amount and execution issued on it to sell to the amount of 9000 is improper.   This mode of proceeding places the sheriff in a perilous situation, and I take principle of the common law to be that the sheriff should sell the lands mentioned subject to encumbrances to satisfy the debt in the writ only.   Lot No. 4, 150 acres sold for $4.00 per acre, some 20 shillings and some 40 shillings.   Return on *fieri facias.*  "Levied on goods and lands subject, as per inquisition."   1788, 1 Del. Laws 169, the sheriff shall return and set forth the names of the plaintiffs and sums to be levied, and if he refuse or neglect, he shall be liable in same manner as if he had returned levied to the value.

William Stedham, Esq., Sheriff.   Advertisements set up in all the hundreds in the county, except two lower hundreds which were set up by Mr. Bennett.   On February 19 and 20, 1798, I set up the tracts and sold them.   I do not think the land would sell for as much now.   Archibald Douglas gave £100 to get clear of his bargain, though I do not know the fact.   I got a list of the judgments from Glasford, Wyley and Francis Haughey.

John Bennett.   The lands sold for £300 or £400 more than they would now.

Thomas Rothwell.   [The lands sold] for £1000 more [than they would now].   My judgment about £2,000.   Buson's about £1,000.

---

* This case is also reported in *Bayard's Notebook, 229.*

*G. Read.* The objection made on the Act seems to me should have been by error to judgment. The question now should be, have the sales been fairly conducted? If a judgment once gets on the record by consent of the court, it can only be removed by error.

*Bedford.* Controverted sales are controverted on no other principle than misconduct of the officer. Erroneous judgment by our law cannot bind lands, but if set aside the lands are not to be restored, but the money.

*Bayard.* If the judgment should not be good, plaintiffs could not support their title. This judgment is neither void nor voidable, but good. Yet it does not bind land; the Act has restored the common law declaring judgments (except by the regulation of the Act) not binding lands. Act is made expressly to prevent improper sales. Judgments legally speaking do not bind the lands either in England or here; only from the operation of the Act of Parliament by *elegit* and our law by sale to make them liens.

The Court are of opinion that the rule be made absolute, the Act of Assembly being positive and express.

## LEWIS JONES, Administrator, v. WILLIAM McKENNAN.

Court of Common Pleas. New Castle. May 28, 1798.

*Rodney's Notes.*

*Bayard* [for plaintiff]. *Rodney* [for defendant].

*Rodney.* Objects this certificate signed by Simmon, accountant of the War Department, is not the best evidence.

*Bayard.* This copy is under seal of office, and is the best evidence to prove defendant was in possession of those final situs certificates. Court admitted them to go in evidence.

*Rodney.* We rely on the Act of Limitations from the year 1784 to 1796, or twelve years we were not called on. By Act of